OPINION OF THE COURT
Kaye, J.
In People v Conyers (52 NY2d 454) we held that evidence of a defendant’s silence at the time of arrest is inadmissible for impeachment purposes in the absence of unusual circumstances. On this appeal defendant contends that Conyers requires reversal of his conviction. We hold that it does not.
In September, 1979 the police were summoned to an apartment building in The Bronx by one John Puig, who reported that defendant was inside the building and was carrying a revolver. There was then an outstanding bench warrant for defendant’s arrest on an unrelated matter. When defendant emerged from the rear of the building, *205 Puig alerted the police, whereupon defendant took flight, with the police, including both uniformed and plain-clothes officers, in pursuit. The chase ended in an exchange of shots in an alley, where defendant was wounded and then arrested. Defendant was charged with three counts of attempted murder in the first degree and one count of criminal possession of a weapon in the second degree.
At trial, the police testified that during the chase they shouted to defendant and ordered him to stop. In support of the People’s contention that defendant knew his intended victims were police, two of the arresting officers testified that after defendant was apprehended and was confronted by the arresting officers he stated, “I should have killed you when I had the chance,” and spit on one of the officer’s shoes. This testimony was central to the People’s contention that defendant had the requisite knowledge and intent for attempted murder (of a policeman) in the first degree. (See Penal Law, §§ 110.00, 125.27, subd 1, par [a], cl [i].)
Appellant testified that Puig had previously threatened him and that he did not know the men chasing him were police officers, but thought they were Puig’s friends who were out to “get” him, and that he fled, and ultimately fired upon his pursuers, because of that fear. When asked by the prosecutor, without objection, if he spoke to the officers at the time of his arrest, defendant testified that he said nothing. In his summation, defense counsel argued that defendant became aware that his pursuers were police officers “only after the shooting had stopped,” that while he “may have cursed at them” he did not do or say what the officers attributed to him upon his arrest, and that the officers who testified to the contrary were lying in an attempt to cover up the fact that they had shot defendant in the back.
During his summation, in the course of challenging the credibility of defendant’s testimony, the prosecutor argued:
“[Defendant] says that the police came into the alleyway and he knew they were police officers. Now here’s a fellow who wants you to believe that he was protecting his own life, that he thought they were the bad guys out there. They come in, and does he say, ‘Oh my God, it’s the police, it’s been a big misunderstanding, I thought you were *206 Puig’s friends, I thought you were there to hurt me, I didn’t know you were the police’? He’s being handcuffed, put in an ambulance and taken away under police escort and he tells you he said absolutely nothing to the police. When I asked him, ‘Did you say anything at all’ he said, T didn’t say anything to them.’ Is that how someone who is the innocent, the innocent victim, is that how he reacts? Wouldn’t he have said something more consistent with his position? Would he have really stood there and said nothing while handcuffs are being put on him?
* * *
“Now, he’s got absolutely no obligation whatsoever to say anything. He doesn’t have to say a word to anybody but you apply your own common sense, your own everyday knowledge.”
Defense counsel’s objections to these comments were sustained. After the charge, defense counsel moved for a mistrial, contending that “given the testimony of Mr. Davis [that] he didn’t say anything * * * I’m sure the law is so clear that this defendant’s silence cannot in any way be used against him.” The Trial Judge agreed that the comments were improper but denied the motion for a mistrial. The prosecutor then suggested that a curative instruction be given to the jury that “if they believe [defendant] said nothing, they can draw no inference from the fact that he said nothing and he has no obligation to say anything to [police officers] at the time he’s arrested.” Defense counsel objected to such an instruction and none was given. Defendant was convicted of one count of attempted murder in the second degree, two counts of attempted assault in the first degree, and criminal possession of a weapon in the second degree. The Appellate Division, two Justices dissenting, affirmed the conviction.
Defendant now urges that his conviction must be set aside because, under Conyers, a defendant’s postarrest silence may not be used for impeachment purposes, as the prosecutor did in his summation. Because Conyers does not establish such a per se rule, and does not apply to the facts of this case, we affirm.
In Conyers, it was undisputed that defendant stood silent at the time of arrest. We held that because defendant’s *207 silence in those circumstances was ambiguous, evidence of such silence was inadmissible to impeach his later exculpatory testimony. By contrast, here the evidence of defendant’s postarrest silence came in without objection, and a key issue is whether defendant was indeed silent at the time of arrest. The prosecution contended that defendant made inculpatory statements. Defendant himself put the question of his silence in issue by testifying that he said nothing to the police at his arrest, .thereby disputing the prosecution testimony. The credibility of the testimony of defendant and of the arresting officers on this point was commented upon in closing argument by counsel for both sides.
This is not a case, like Conyers, where the prosecution tried to use evidence of the fact of a defendant’s postarrest silence against him by contending that such silence itself renders a later exculpatory version of events incredible. Here the defendant testified as to his postarrest silence, contradicting the prosecution witnesses, and the prosecutor attacked the veracity of defendant’s testimony upon summation. In such a situation, the prosecutor’s statements on summation about whether defendant was or was not silent at the time of his arrest concerned a key issue of fact.
Given these circumstances, the mistrial demanded by defendant was in no event required. While the prosecutor’s summation improperly invited the jury to draw an unwarranted inference of guilt from defendant’s testimony that he had been silent at his arrest, a curative instruction could have helped insure that such an inference would not be drawn. Defendant, however, objected to the prosecutor’s suggestion that such an instruction be given. In view of defendant’s objection, the failure to give such an instruction cannot now be a ground for upsetting his conviction.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur; Judge Simons taking no part.
Order affirmed.