■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN MERCER, Appellant.—Adjudication unanimously affirmed. Memorandum: Defendant was convicted of burglary in the third degree (Penal Law § 140.20) and petit larceny (Penal Law § 155.25). The proof overwhelmingly demonstrated that defendant and an accomplice unlawfully entered the Empress Restaurant by use of a key which had been surreptitiously obtained by the accomplice and removed $70 from the premises. The People's evidence included the testimony of the accomplice and of the owner of the restaurant, who had personally observed defendant and the accomplice enter and leave the restaurant. Defendant took the stand and denied any participation in the burglary and larceny.

Defendant claims on appeal that by cross-examining him as to whether the police had given him *Miranda* warnings and whether defendant recalled saying "No" when asked by the

police whether he was willing to give up his rights and talk to the police, the prosecutor improperly offered evidence of defendant's silence. We disagree.

It is the settled rule in New York that evidence of a defendant's pretrial silence is inadmissible for impeachment purposes in the absence of unusual circumstances (*People v Davis,* 61 NY2d 202; *People v Conyers,* 52 NY2d 454). Here, defendant makes no claim that he remained silent when confronted by the police. On cross-examination he volunteered the nonresponsive testimony that "when the officers came to my door, I tried to explain to them. 'I don't know what you are talking about. I had nothing to do with it.' " He later volunteered that the police "said they had enough evidence on Steve and guess[ed] they wanted Steve." It was upon such testimony that the prosecutor pursued the questioning claimed to be objectionable. In our view, the trial court correctly overruled defendant's objection. The cross-examination obviously was intended to test the veracity of defendant's assertions that he had proclaimed his innocence to the police and that the police had indicated that they suspected another (*see, People v Davis, supra,* p 207).

Defendant's claim that the prosecutor impermissibly expressed her opinion that the accomplice lied during the early portion of the accomplice's direct testimony was not preserved for review (CPL 470.05). Even if error were to be found, however, it would be viewed as harmless (*People v Crimmins,* 36 NY2d 230).

We have reviewed defendant's other arguments and find them to be without merit. (Appeal from adjudication of Monroe County Court, Mark, J.—youthful offender.) Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.