■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO JAVIERO, Appellant.—

This case concerned erstwhile paramours who lived apart, but had been romantically involved for 3½ years, before breaking up as a result of defendant's violence. Subsequent to the breakup, they spent an evening together, against the victim's will, during which defendant raped, sodomized, and assaulted her. The incident was reported to police on the following day, and testimony established visible bruises and lacerations on the victim's body. A week later, defendant again held her against her will, for three hours, feigning that he had a gun. Police were contacted again, and defendant was arrested that evening and found to be in possession of cocaine. When released on bail, defendant absconded to Puerto Rico, returning three months later, and under threat of violence, he moved in with the victim for 2½ weeks, during which period he raped, sodomized, and assaulted her again, before defendant finally was arrested. On one occasion during that period, when police came to the door, the victim indicated that her husband, not defendant, was within. It was her testimony that she did so out of fear that defendant would carry out his threat to kill her should she ever call police again. She finally called police, after being raped and sodomized, while hiding in the residence of an off-duty Housing Police officer.

Defendant's theory of the case was that the complainant, rather than being a victim, had entered into consensual sexual relations with him as part of a long-term relationship. Defendant challenged the complainant's credibility, and the weight of the evidence.

In this case, the victim's testimony cannot be said to be so contradictory, contrary to human experience, or irresponsible as to be incredible as a matter of law (cf., People v Reed, 40 NY2d 204; see, People v Davis, 113 AD2d 951). Nor is the verdict against the weight of the evidence under the standards enunciated in People v Bleakley (69 NY2d 490). Finally, it cannot be said that the sentencing court abused its discretion so as to warrant this court modifying the sentence (People v Davis, 92 AD2d 177, 189, affd 61 NY2d 202). Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.