■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J. at *Huntley* hearing, trial and sentence) rendered February 9, 1989, convicting defendant, after jury trial, of robbery in the third degree and sentencing him as a second felony offender to an indeterminate term of 3½ to 7 years imprisonment, unanimously affirmed.

Defendant's conviction arises out of the July 8, 1988 street robbery of approximately $1300 from an off-duty police detective, who apprehended defendant a half block away.

The hearing court did not improperly curtail the cross-examination of the complaining witness. No abuse of discretion is perceived by the hearing court's termination of the cross-examination when the questioning proceeded far beyond the scope of the hearing and became repetitive *(see, People v Sorge,* 301 NY 198).

At trial, defendant's application for a missing witness charge was properly denied, as there was no showing that the uncalled witness, whose identity was not known to the complaining witness or to the People, would have contradicted or added to the testimony of the other witnesses *(People v Almodovar,* 62 NY2d 126). Nor was there any showing that the uncalled witness was available to, or under the control of, the People *(People v Gonzalez,* 68 NY2d 424).

Finally, defendant's claim that the sentence imposed constituted a penalty for the exercise of his right to a trial, is

unsupported by the record. Pre-trial plea negotiations took into account defendant's substantial misdemeanor record and resulted in an offer by the People, and consented to by the court, of a sentence of 2½ to 5 years imprisonment. The court noted that if defendant were to be convicted after trial, he faced a maximum sentence of 3½ to 7 years imprisonment, which the court believed would be appropriate in light of defendant's status as a repeat larceny offender. At sentencing, the court again gave due consideration to all available facts, including the evidence in the instant case, the probation report, defendant's past conviction record, and the comments of the prosecutor, defense counsel, and defendant (People v Farrar, 52 NY2d 302). The sentence imposed does not represent an abuse of discretion in these circumstances (People v Davis, 92 AD2d 177, affd 61 NY2d 202). Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Kassal, JJ.