■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORRACE DYER, Appellant. [607 NYS2d 379] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 16, 1992, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We find that the defendant was prejudiced by the prosecutor's violation of the principle that a defendant's post-arrest silence is inadmissible for impeachment purposes in the absence of unusual circumstances (see, *People v Conyers*, 52 NY2d 454; *compare, People v Davis*, 61 NY2d 202; *People v Savage*, 50 NY2d 673, *cert denied* 449 US 1016; *People v Mercer*, 112 AD2d 790), which are not present here. The defendant testified that he was the victim rather than the perpetrator of a robbery. Over defense counsel's objection, the prosecutor asked the defendant many times whether he had apprised the police that he was a victim of a robbery rather than a perpetrator. This line of improper questioning continued until finally the defendant stated that he had told his exculpatory story to the police, who said to him: "[You] got to talk to the judge about it". In rebuttal, over the defense counsel's objection, the People recalled the arresting officer who testified that the defendant had exercised his right to remain silent at the time of his arrest. He further testified that the defendant did not say that he wanted to file a complaint against the complainant or that he was the victim of the robbery. The trial court abused its discretion by allowing the People to pursue this improper line of inquiry. Since the evidence of the defendant's guilt is less than overwhelming, we find that the error cannot be deemed harmless (see, *People v Crimmins*, 36 NY2d 230, 241-242).

In light of our determination, we need not reach the defendant's remaining contentions. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.