[848 NYS2d 63]

Vitaline Montesano, Respondent, v New York City Housing Authority, Appellant.

First Department, December 18, 2007

**APPEARANCES OF COUNSEL**

*Herzfeld & Rubin, P.C.,* New York City (*Jeannine LaPlace* and *David Hamm* of counsel), and *Lewis Johs Avallone Aviles, LLP,* Melville, for appellant.

*Seligson, Rothman & Rothman,* New York City (*Alyne I. Diamond* and *Martin S. Rothman* of counsel), and *Ziegler & Robinson,* New York City (*Benjamin Robinson* of counsel), for respondent.

### OPINION OF THE COURT

SULLIVAN, J.

This appeal, from the denial of defendant's motion for a change of venue from Bronx County to New York County, presents the issue, the subject of a long-simmering dispute, of whether the area known as Marble Hill is legally part of New York County, as defendant contends, or Bronx County, as plaintiff argues.

Plaintiff commenced this action in November 2005 for personal injuries allegedly suffered on May 7, 2005 when she fell while descending a defective interior staircase in her apartment building at 5480 Broadway, in New York City, part of a housing complex owned and operated by defendant. Venue was placed in Bronx County on the basis of plaintiff's residence.

Together with its answer, defendant served a demand to change venue pursuant to CPLR 511 (b) and 510 (1), alleging an improper designation of Bronx County as the venue for the action. Thereafter, on or about January 10, 2006, defendant moved for a change of venue based upon the improper designation, arguing that Marble Hill, where plaintiff's apartment building is located, is part of New York County, not Bronx County. In support of its motion, defendant submitted a copy of New York City Administrative Code § 2-202 (1), which places Marble Hill within New York County.

Defendant also submitted an affidavit from Lawrence Wilensky, senior assistant director of its Research and Management Analysis Department, stating that his office "maintains address and property databases which include such information as development names, addresses, tax block and lots, zip codes, community districts and other development identifying data" for all of the properties owned by the Housing Authority. Wilensky stated that he searched and cross-referenced a number of sources and determined that 5480 Broadway was part of the Marble Hill Houses, owned by the Housing Authority on the date of the accident, and is located in New York County. Specifically, he stated, he "referenced the 'GOAT on the Web' online computer system and determined that 5480 Broadway is located on Block 2215, Lot 116," which is located in New York County.

In opposition, plaintiff's counsel submitted an affirmation stating that plaintiff's residence is serviced by a Bronx post office located at 5517 Broadway, Bronx, New York 10463. Further, he stated, during the approximately 18 years that plaintiff has resided at her current address, her zip code has been 10463, which is assigned to the Bronx, her area code is 718, used by Bronx residents, and her children attended Bronx public schools. Counsel argued that by all indicia that one could use in referring to his or her home, plaintiff would consider herself a Bronx resident.

Supreme Court denied the motion without any analysis or consideration of defendant's arguments, holding, by fiat, that "Plaintiff's residence is located in the Bronx" and observing that "Defendant has failed to show that its witnesses would be inconvenienced by having to appear in the Bronx for trial." The latter holding involves a ground never raised by the motion, since defendant did not move pursuant to CPLR 510 (3) for witness convenience, but rather, as noted, pursuant to CPLR 510 (1), on the ground that the designated venue was improper. We reverse.

CPLR 510, entitled "Grounds for change of place of trial," provides, in pertinent part, as follows:

"The court, upon motion, may change the place of trial of an action where:

"1. the county designated for that purpose is not a proper county."

It is clear that plaintiff's choice of Bronx County was an improper designation. As the record shows, based on undisputable, official and legally admissible evidence, plaintiff's residence is in New York County, not, as plaintiff alleges, Bronx County. Moreover, pursuant to CPLR 505 (a), the place of trial for an action against a public authority is the county in which it has its principal office or "where it has facilities involved in the action." Under either test, New York County is the proper venue for this action. Not only is the building at which plaintiff was allegedly injured located in New York County, but the Housing Authority's principal office and its Law Department are both located at 250 Broadway in Manhattan.

New York City Administrative Code § 2-202, entitled "Division into boroughs and boundaries thereof," specifically provides that the Borough of Manhattan "shall consist of the territory known as New York county" and includes "that portion of land

commonly known as Marble Hill . . . for all purposes" (§ 2-202 [1]). Subdivision (1) of section 2-202 defines the boundary line as

> "Beginning at the northerly United States bulkhead line of the Harlem river at the junction of the Hudson and Harlem rivers; thence along the northerly and easterly United States bulkhead lines of the Harlem river to the low-water mark on the westerly bank of the Spuyten Duyvil creek as it existed prior to its being filled in; thence along said low-water mark of Spuyten Duyvil creek to the easterly United States bulkhead line of the Harlem river."

Plaintiff's only opposition to this dispositive showing was an attorney's affirmation discussing the provision of postal service to plaintiff at her Marble Hill residence by a Bronx post office, the use by Marble Hill residents of a Bronx zip code and telephone area code, and her children's attendance at Bronx public schools, none of which is determinative of whether Marble Hill is part of Bronx County. The mere fact that the phone company, the postal service or the Board of Education has assigned a Bronx designation to plaintiff's residence, presumably because Marble Hill is now attached to the mainland, cannot override the legislative determination that Marble Hill is part of New York County.

Dr. Gary D. Hermalyn, executive director of the Bronx County Historical Society, offers this history of Marble Hill, which gives insight into the origins of the dispute, in the Encyclopedia of New York City (at 726 [Kenneth T. Jackson, editor, Yale University Press, 1995): "Once part of the island of Manhattan, [Marble Hill] was bounded by the Harlem River and Spuyten Duyvil Creek and connected to the mainland . . . . After June 1895 it was severed from Manhattan when the Harlem River Ship Canal was dug, and it became an island surrounded by the canal and Spuyten Duyvil Creek." Prior to World War I, however, "the canal was filled in, leaving Marble Hill part of the mainland, and for many years residents were listed in the telephone directories of both Manhattan and the Bronx" (*id.* at 726-727). Although Marble Hill is "situated on the land mass making up the Bronx it belongs to New York County and is part of the borough of Manhattan for most administrative purposes" (*id.* at 726).

This is not the first time the courts have weighed in on the question of Marble Hill's location. In a drug prosecution (*People*

*v Rodriguez*, 168 Misc 2d 423 [1996]), where the crime occurred in Marble Hill, the defendants, indicted in Bronx County, moved, inter alia, to dismiss the indictment for lack of jurisdiction. The court rejected the claim, finding that the prosecution was properly brought in Bronx County. While the court referred to CPL 20.40 (4) (c), which provides that an "offense committed within five hundred yards of the boundary of a particular county, and in an adjoining county of this state, may be prosecuted in either such county," and found that the location of the premises at which the alleged drug transactions took place was within 365 yards of the Bronx/Manhattan boundary, it also found that jurisdiction in Bronx County "can be fairly and reasonably inferred from all the facts and circumstances introduced into evidence, even without the explicit mention of the 500-yard rule" (*id.* at 426). In so concluding, the court noted that all the undercover officers involved in the case were Bronx police officers, and that an official sectional map of the Borough of Manhattan, of which it took judicial notice, "makes it clear that the Marble Hill neighborhood, which used to be part of Manhattan Island, was made a part of the mainland, and therefore the Bronx, when the riverbed of the Spuyten Duyvil Creek was diverted many years ago. Since that time it has been policed and served by Bronx agencies" (*id.* at 425). Another decision from Supreme Court, Bronx County (*People v Riedd*, 160 Misc 2d 733, 734 [1993]) refers to Marble Hill as "located in the Borough of Manhattan but of the County of Bronx."

In *People v Davis* (92 AD2d 177, 178 [1983], *affd* 61 NY2d 202 [1984]), this Court, in a recitation of the facts, stated that "[w]hile a fugitive, defendant changed his residence to an apartment situated in the Marble Hill housing complex located in The Bronx." Neither jurisdiction nor legal residence was at issue in that matter, and the decision thus fails to inform us on the subject.

In the most comprehensive discussion of the question, Justice McQuillan, in *People v Boyd* (NYLJ, May 31, 1984, at 7, col 3) found that a prospective juror in a New York County prosecution, living in the Marble Hill area and challenged by the defendant as a nonresident of New York County, was "a resident of the City of New York and the Borough of Manhattan but is not a resident of New York County" (*id.* at col 4). The court set forth the history of Manhattan from the time of its discovery by Giovanni da Verrazano in 1524, and noted that the boundary between Manhattan and the Bronx was previously determined

by the natural boundary, i.e., water. Indeed, it noted that "[t]he term 'island' has a certain and definite meaning, i.e., a naturally-formed area of land permanently and entirely surrounded by water" (*id.* at 12, col 1). "When the 1897 Greater New York Charter was enacted, the Legislature described the Borough of Manhattan as including 'Manhattan Island' " (*id.*). Thus, "It cannot be inferred that the statutory word 'island' encompassed the 52 acres of land known as Marble Hill that several years earlier, as a result of the federally constructed ship canal, had become physically part of the mainland" (*id.*). Since Marble Hill was no longer part of Manhattan Island, as constituted by virtue of the Charter, the court concluded that it became part of the Borough of the Bronx. Indeed, when the Legislature formed the Bronx in 1912, Marble Hill was included and became part of Bronx County. Then,

> "[i]n 1938, when the Administrative Code superceded the 1901 Greater New York Charter, the Legislature re-defined the Borough of Manhattan to include not only Manhattan Island but also that land [that] had been on the southerly bank of the Spuyten Duyvil creek 'as it existed prior to its being filled in,' i.e., Marble Hill" (*id.*).

Since the Legislature did not amend the existing statutes defining New York County, which continued to refer to "Manhattan Island," the 1938 legislation "dealt only with boroughs and not counties" (*id.*).

Thus, the court concluded, the Borough of Manhattan and New York County were not coterminus, thereby justifying its determination that the juror, while living in Marble Hill, located in Manhattan, was a resident of Bronx County.

Less than 10 weeks after the *Boyd* decision, the Legislature eliminated any doubt that the Borough of Manhattan and New York County were conterminous in this respect by specifically including Marble Hill in both the Borough of Manhattan and New York County, "for all purposes," retroactive to 1938 (L 1984, ch 939). The official map of the City of New York now shows that Marble Hill is located in New York County. Its residents vote for New York County candidates. Thus, plaintiff, a resident of Marble Hill, is not a Bronx resident, as claimed, and that county was improperly designated for venue purposes.

That the 52 acres of realty known as Marble Hill are, legally speaking, part of New York County in no way dims the luster of its neighbor to the north, the borough of universities, home of

the Grand Concourse and the New York Yankees and the only county in the City of New York on the United States mainland. Nor does it diminish the accomplishments of its sons and daughters, who, over the generations, have contributed so much to this great City and State, and to the nation.

Accordingly, the order of the Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered April 13, 2006, which denied defendant's motion for a change of venue to New York County, should be reversed, on the law, without costs or disbursements, and the motion granted.

SAXE, J.P., NARDELLI, GONZALEZ and KAVANAGH, JJ., concur.

Order, Supreme Court, Bronx County, entered April 13, 2006, reversed, on the law, without costs or disbursements, and defendant's motion for a change of venue to New York County granted.