■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK E. CARBONELL, Appellant. Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 24, 1973, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, Acting P. J., Martuscello, Brennan and Shapiro, JJ., concur; Cohalan, J., dissents and votes to reverse and order a new trial, with the following memorandum: The ineptitude of defense counsel *(People v LaBree,* 34 NY2d 257), plus the improper trial tactics of the prosecutrix, and her inflammatory remarks in summation, all combined to deprive defendant of a fair trial. I would reverse, on the law and as a matter of discretion in the interest of justice, and order a new trial *(People v Garcia,* 40 AD2d 983).

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOWE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 5, 1973, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified as to the conviction, on the law and the facts, by changing the conviction to one of assault in the third degree; as so modified, judgment as to the conviction affirmed; judgment modified as to the sentence, as a matter of discretion in the interest of justice, by reducing the period of imprisonment to the time already served. We find no proof in the record to support the verdict of guilty on the seventh count of the indictment charging appellant with having committed assault in the second degree by intentionally inflicting physical injury upon the complainant by means of a dangerous instrument (Penal Law, § 120.05, subd 2). Nevertheless, there was sufficient proof as a matter of law to sustain a verdict of guilty for the lesser included offense of assault in the third degree (Penal Law, § 120.00, subd 1). We modify the conviction accordingly (CPL 470.15, subd 2, par [a]). Hopkins, Acting P. J., Martuscello, Latham, Brennan and Munder, JJ., concur.