[816 NYS2d 167]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McMILLON, Appellant.

Second Department, May 30, 2006

APPEARANCES OF COUNSEL

*Lynn W. L. Fahey*, New York City, for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Leonard Joblove* and *Keith Dolan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In *People v Suarez* (6 NY3d 202 [2005]), the Court of Appeals carefully defined the limited circumstances in which a charge of depraved indifference murder will lie, but specifically left open the question of what corrective action is appropriate when, on appeal, the evidence is found legally insufficient to support a conviction of that crime. Because we conclude here that the defendant's conviction of depraved indifference murder cannot be sustained, we address the issue of appropriate corrective action.

The defendant and Charles Frazier became embroiled in an altercation when the defendant grabbed a folding knife Frazier

had been waving in the air. In attempting to retrieve the knife, Frazier accidentally ripped the defendant's pants pocket. The defendant demanded that Frazier pay for the repair of the pocket and snatched a chain from around Frazier's neck. When the defendant refused to return the chain, Frazier punched him and left. Frazier returned with a number of individuals, including the victim, who was the owner of the chain. The victim confronted the defendant, saying that he had nothing to do with the earlier altercation and wanted his chain back. In the course of the ensuing exchange, the defendant produced a handgun and, from a distance of at least five feet, shot the victim once in the chest. The victim died of the single gunshot wound. The defendant later told the police that he did not mean to kill or hurt anyone, that he had felt threatened and believed the victim was armed, that he intended only to scare the victim, and that his weapon had just gone off.

Following a jury trial, the defendant was acquitted of intentional murder (*see* Penal Law § 125.25 [1]), but convicted of depraved indifference murder (*see* Penal Law § 125.25 [2]). On appeal, he contends that the evidence was legally insufficient to support his conviction. We agree.

As a preliminary matter, that branch of the defendant's omnibus motion which was to suppress his oral, written, and videotaped statements was properly denied. Although the defendant was in custody for a period of approximately three hours before he was first advised of, and waived, his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), the statements he made during that time were not inculpatory (*see People v Duncan,* 295 AD2d 533, 534 [2002]; *see also People v Jamison,* 307 AD2d 368, 369 [2003]). Moreover, his videotaped confession, which contained the same information he had revealed in statements made after his *Miranda* waiver, was taken following a pronounced break in the interrogation and after a renewed waiver of *Miranda* rights (*see People v Jamison, supra* at 368; *People v Duncan, supra* at 535; *People v McIntyre,* 138 AD2d 634, 636-637 [1988]). The videotaped statement therefore was clearly admissible, and any error in admitting the defendant's prior oral and written statements was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]).

We turn, then, to the central question presented on this appeal. In order to prove a defendant guilty of depraved indifference murder, the evidence must establish beyond a reasonable doubt that, under circumstances evincing a depraved indiffer-

ence to human life, the defendant recklessly engaged in conduct that created a grave risk of death to another person, and thereby caused the death of that person or a third person (*see* Penal Law § 125.25 [2]). As the Court of Appeals made clear in *People v Suarez* (*supra*), although in some sense every taking of a life can be considered a depraved act, not every killing constitutes depraved indifference murder. Moreover, a reckless homicide is not elevated to depraved indifference murder solely because the defendant's conduct creates a grave or even an "inevitable" risk of death (*People v Suarez, supra* at 214). The element of depraved indifference to human life comprises both depravity and indifference, and has meaning independent of recklessness and the gravity of the risk created. It is "best understood as an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not. Reflecting wickedness, evil or inhumanity, as manifested by brutal, heinous and despicable acts, depraved indifference is embodied in conduct that is 'so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy' as to render the actor as culpable as one whose conscious objective is to kill" (*id.,* quoting *People v Russell,* 91 NY2d 280, 287 [1998]).

Under recent teachings of the Court of Appeals, evidence resulting in a conviction of depraved indifference murder may be found legally insufficient for either one of two reasons. It may demonstrate a "manifest intent to kill" (*People v Payne,* 3 NY3d 266, 271 [2004]; *see People v Gonzalez,* 1 NY3d 464 [2004]), thereby negating the core element of recklessness, or it may fail to establish the required level of depravity and indifference (*see People v Suarez, supra*). In our view, the appropriate corrective action will depend on which of the two is applicable in the particular case.

CPL 470.15 (2) (a) provides that, "[u]pon a determination that the trial evidence adduced in support of a verdict is not legally sufficient to establish the defendant's guilt of an offense of which he was convicted but is legally sufficient to establish his guilt of a lesser included offense, the court may modify the judgment by changing it to one of conviction for the lesser offense." The question, therefore, is whether, in the particular case, the deficiency in the proof of depraved indifference murder also renders the evidence legally insufficient to support the lesser-included offense of that crime, namely, manslaughter in

the second degree. In our view, it does so only when the evidence is found to establish a "manifest intent to kill" (*People v Payne, supra* at 271).

As a general proposition, a person cannot cause another's death both intentionally and recklessly because a person cannot intend to cause death and at the same time consciously disregard a risk that he or she will succeed in doing so (*see People v Gallagher*, 69 NY2d 525, 529 [1987]; *see also People v Gonzalez, supra* at 468).[1] Thus, "[d]epraved indifference murder does not mean an extremely, even heinously, intentional killing" (*id.* at 468), because no amount of depravity can ever convert an intentional killing into a reckless one. Consequently, where an appellate court finds that "the *only* conclusion reasonably supported by the evidence [at trial is] that [the] defendant [intended] to kill his . . . victim" (*id.* [emphasis added]; *see People v Payne, supra* at 271), that finding necessarily negates any possibility that the victim's death was caused recklessly through the defendant's conscious disregard of a known risk that death might occur. Recklessness is a core element, not only of depraved indifference murder, but also of its lesser-included offense, manslaughter in the second degree. Therefore, in a case involving a "manifest intent to kill" (*People v Payne, supra* at 271), because the evidence is legally insufficient to support both the crime of which the defendant was convicted—depraved indifference murder—and its lesser-included offense—manslaughter in the second degree—the only available corrective action is to reverse and dismiss the count (*see* CPL 470.20 [2]).

We note that such cases will likely be few in number. It should now be rare for a defendant to be charged with both intentional and depraved indifference murder, and rarer still for both counts to be submitted for jury consideration (*see People v Suarez, supra* at 215). When that does happen, however, the jury may

---

1. In this context, it is important to distinguish between an act done with a specific intent and an act done voluntarily. The Penal Law defines a "voluntary act" as "a bodily movement performed consciously as a result of effort or determination" (Penal Law § 15.00 [2]). Thus, the pulling of a trigger, the thrusting of a knife, or the swinging of a club are "voluntary acts" because they are done consciously as a result of effort. It is rarely helpful to describe such acts as intentional, however, because, when we speak of a person's intent, we generally refer not to a consciously done movement but to the actor's "conscious objective"—the *result* he or she wants to bring about by means of the voluntary act (Penal Law § 15.05 [1]). A person may, for example, thrust a knife at another with the conscious objective of killing, injuring, or simply frightening the other person. The act is clearly "voluntary," but the intent with which it is done may well present a hotly contested question of fact.

not convict the defendant of depraved indifference murder unless it also acquits him or her of intentional murder (*see People v Gallagher, supra;* CPL 300.40 [5]). A conviction of depraved indifference murder coupled with an acquittal of intentional murder signals a jury finding that the proof was insufficient to establish an intent to kill. Therefore, in order to reverse a depraved indifference murder conviction on the ground that the record evidence demonstrates a "manifest intent to kill" (*People v Payne, supra* at 271), the appellate court would have to conclude, in effect, that there was no valid line of reasoning and permissible inference that could have led a rational person to conclude, as the jury unanimously did, that the killing was reckless rather than intentional. Such a result, which suggests an appellate court finding that a mens rea element of a crime was established at trial as a matter of law, will clearly be the exception rather than the rule.[2]

■ In contrast, depravity and indifference to human life are not elements of the lesser-included offense of manslaughter in the second degree. Hence, if an appellate court concludes that a conviction of depraved indifference murder cannot stand, not because the evidence establishes a "manifest intent to kill" (*id.*), but because it fails to establish the requisite level of depravity and indifference to human life necessary for the commission of the crime, the court may apply the corrective action of modifying the judgment "by changing it to one of conviction for the lesser offense" (CPL 470.15 [2] [a]; *see* CPL 470.20 [3]).

In the case at bar, the jury acquitted the defendant of intentional murder. Inasmuch as the conviction of depraved indifference murder reflects, inter alia, a jury finding that the evidence established beyond a reasonable doubt that the defendant caused the victim's death, the acquittal necessarily represents a jury finding that there was a reasonable doubt as to whether the defendant acted with the intent to kill. Thus,

---

2. A good example of a case in which such an unusual finding is appropriate is *People v Gonzalez* (1 NY3d 464 [2004], *supra*). There, the defendant entered a barbershop, pulled a gun from his waistband, and shot the victim in the chest from a distance of six to seven feet. As the victim fell to the floor, the defendant fired again, shooting him in the head. The defendant then leaned over the victim's prone body and fired eight more shots into his back and head. The Court of Appeals reversed the defendant's conviction of depraved indifference murder, finding that "[t]he only reasonable view of the evidence . . . was that [the] defendant intentionally killed the victim by aiming a gun directly at him and shooting him 10 times at close range, even after he had fallen to the ground" (*id.* at 467).

the verdict means that the jury found that the defendant acted, not with an intent to cause death, but recklessly with a conscious disregard of a substantial, unjustifiable, and grave risk that his act would result in death. In view of the fact that the defendant fired only once from a distance of at least five feet, and claimed to the police that he did not intend to kill or even injure the deceased, we cannot say that the jury was wrong and that this is one of those rare cases in which the evidence establishes a "manifest intent to kill" (*People v Payne, supra* at 271).

It is equally clear, however, that the evidence did not establish the degree of depravity and indifference to human life required for depraved indifference murder. The Court of Appeals has taught that, except in rare and extraordinary circumstances, one person's attack on another, no matter how violent or how great the risk of harm it creates, does not rise to the level of depravity and indifference to life contemplated by the statute defining depraved indifference murder. Indeed, of particular relevance here, in *People v Suarez (supra)*, the Court of Appeals underscored what it had said in *People v Payne (supra* at 272): "[I]f a defendant fatally shoots the intended victim once, it could be murder, manslaughter in the first or second degree or criminal negligence (or self-defense), but not depraved indifference murder . . . [A] one-on-one shooting . . . can almost never qualify as depraved indifference murder."

In our view, the defendant's conviction of depraved indifference murder cannot stand, not because the evidence demonstrated a manifest intent to kill, but only because it failed to establish the depravity and indifference to human life required for the commission of the crime. Thus, although legally insufficient to support the depraved indifference murder charge, the evidence was legally sufficient to establish the lesser-included offense (*see People v Magliato,* 110 AD2d 266 [1985], *affd* 68 NY2d 24 [1986]; *see also People v Madison,* 22 AD3d 684, 687 [2005], *lv denied* 6 NY3d 778 [2006]). That being so, we modify the judgment by reducing the conviction from murder in the second degree to manslaughter in the second degree (*cf. People v Howe,* 49 AD2d 604 [1975]; *People v Santucci,* 48 AD2d 909 [1975]; *People v Klosis,* 48 AD2d 705 [1975]).

The defendant's remaining contentions are without merit.

Accordingly, the judgment is modified, by reducing the conviction from murder in the second degree to manslaughter in the second degree, and the matter is remitted to the Supreme Court,

Kings County, for sentencing on the conviction of manslaughter in the second degree.

SCHMIDT, J.P., RIVERA, SPOLZINO and FISHER, JJ., concur.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of murder in the second degree to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the second degree.