[853 NE2d 227, 819 NYS2d 858]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ATKINSON, Appellant.

Argued June 7, 2006; decided July 5, 2006

766

**APPEARANCES OF COUNSEL**

*Lynn W.L. Fahey*, New York City, and *Melissa S. Horlick*, for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*John M. Castellano* and *Roni Piplani* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be modified by reducing defendant's conviction of depraved indifference murder (Penal Law § 125.25 [2]) to manslaughter in the second degree (Penal Law § 125.15 [1]), and by remitting the case to Supreme Court for resentencing and, as so modified, affirmed. Defendant did not commit depraved indifference murder within the meaning of the statute (*see People v Payne*, 3 NY3d 266 [2004]).

We reject the contention that defendant forfeited his right to challenge the sufficiency of his conviction for depraved indifference murder by requesting that the jury be charged on the lesser-included offense of manslaughter in the second degree, which requires a finding of recklessness. "Depraved indifference" is an additional core statutory requirement of depraved indifference murder, beyond mere recklessness and risk (*see People v Suarez*, 6 NY3d 202, 214-215 [2005]).

In our corrective action here, however, dismissal of the indictment is neither required nor warranted. The facts are suf-

ficiently different from *Payne* to enable a jury to reasonably conclude that defendant's actions, although not depraved, were reckless. Among other evidence, testimony at trial could have led a rational jury to infer that the victim moved into a shot that was intended only to scare him.

Accordingly, we need not reach the question of whether by requesting the lesser-included charge of manslaughter in the second degree, defendant forfeited his present claim that the evidence is consistent only with intentional murder.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, READ and R.S. SMITH concur; Judge GRAFFEO concurs in result on constraint of *People v Suarez* (6 NY3d 202 [2005]).

Order modified by reducing defendant's conviction of murder in the second degree to manslaughter in the second degree and remitting to Supreme Court, Queens County, for resentencing and, as so modified, affirmed, in a memorandum.