■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON HUNTER, Appellant. [821 NYS2d 631]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered March 31, 2003, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's conviction of murder in the second degree to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for sentencing on the conviction of manslaughter in the second degree.

The defendant's contention that his conviction of depraved indifference murder (*see* Penal Law § 125.25 [2]) was not supported by legally sufficient evidence is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10, 20-21 [1995]). Nevertheless, under the circumstances of this case, we review the issue as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [a]).

The evidence at trial established that the defendant shot the

deceased once, causing his death. The jury, apparently crediting the defendant's statement that he did not intend to kill the deceased, acquitted him of intentional murder, but convicted him of depraved indifference murder and criminal possession of a weapon in the third degree.

Arguing that the evidence was legally insufficient to establish depraved indifference murder, the defendant asks this Court to modify the judgment by reducing his conviction of murder in the second degree to the lesser included offense of manslaughter in the second degree. We do so because we agree with the defendant that, except in rare and extraordinary circumstances, one person's attack on another, no matter how violent or how great the risk of harm it creates, does not rise to the level of depravity and indifference to life contemplated by the statute defining depraved indifference murder (*see People v Suarez*, 6 NY3d 202 [2005]; *People v Payne*, 3 NY3d 266 [2004]). Accordingly, we reduce the defendant's conviction of murder in the second degree to one of manslaughter in the second degree, and we remit the matter for sentencing on that charge (*see People v McMillon*, 31 AD3d 136 [2006]).

The defendant's remaining contentions are without merit. Adams, J.P., Santucci, Goldstein and Fisher, JJ., concur.