■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Appellant. [826 NYS2d 271]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered March 23, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of murder in the second degree to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for sentencing on the conviction of manslaughter in the second degree.

The defendant, an inmate at Sing Sing Correctional Facility, was the subject of repeated and unwanted sexual advances by

the deceased, a fellow prisoner who occupied a neighboring cell. On the day in question, when the deceased's advances turned physical, the defendant returned to his cell and retrieved a homemade knife. He pursued and attacked the deceased, stabbing him three times, once in the left chest perforating his heart. The defendant broke off the attack upon the approach of guards. The deceased died as a result of the stab wounds.

Evidence was offered at trial that, before the attack, another inmate had advised the defendant to confront the deceased in a nonviolent manner, but that effort apparently failed to stop the deceased's unwanted sexual advances. Another inmate, who had previously been subjected to similar advances by the deceased, told the defendant that, when he responded to the advances with force, they stopped. In his statement to the police, which was introduced into evidence during the People's case-in-chief, the defendant insisted that he had not intended to kill the deceased.

The defendant was indicted and tried on charges of intentional murder (*see* Penal Law § 125.25 [1]) and depraved indifference murder (*see* Penal Law § 125.25 [2]). The jury acquitted him of intentional murder but convicted him of depraved indifference murder.

Contrary to the People's contention, the defendant adequately preserved his claim that his conviction was not supported by legally sufficient evidence (*see* CPL 470.05 [2]; *People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Gray*, 86 NY2d 10, 20-21 [1995]). Moreover, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we agree with the defendant that the evidence was legally insufficient to establish his guilt of depraved indifference murder (*see People v Suarez*, 6 NY3d 202 [2005]; *People v Hafeez*, 100 NY2d 253 [2003]).

In determining the appropriate corrective action, we reject the contention that the only conclusion reasonably supported by the evidence at trial is that the defendant acted with a manifest intent to kill the deceased (*cf. People v Payne*, 3 NY3d 266, 271 [2004]; *People v Gonzalez*, 1 NY3d 464, 468 [2004]). The record evidence supports the view that the defendant voluntarily stabbed the victim three times, meaning only that the action of stabbing was "performed consciously as a result of effort or determination" (Penal Law § 15.00 [2]). That does not mean, however, that such action was done with an *intent* or "conscious objective" to kill (*see* Penal Law § 15.05 [1]). Stated otherwise, we cannot say, as a matter of law, that the deceased's death was the result the defendant intended to bring about by means of

his voluntary act (*see People v McMillon*, 31 AD3d 136, 140 n 1 [2006]; *cf. People v Heide*, 84 NY2d 943, 944 [1994]). As the Court of Appeals recently wrote, "a one-on-one dispute will not always reflect a manifest intent to kill or injure. Rather . . . [i]t is up to the jury to decide in a particular case whether the defendant acted intentionally, or recklessly, or negligently (or not at all)" (*People v Suarez, supra* at 212 n 6). Here, we conclude that there was a valid line of reasoning and permissible inference that could have led a rational person to conclude, as the jury here unanimously did, that the killing was reckless rather than intentional.

Nevertheless, the Court of Appeals has taught that "[r]eckless homicide cannot be elevated into depraved indifference murder merely because the actions of the defendant created a risk of death, however grave or substantial that risk may have been" (*People v Suarez, supra* at 213; *People v Payne, supra; see also People v McMillon*, 31 AD3d 136 [2006]). Thus, although the evidence here was legally sufficient to establish that the defendant caused the death of the deceased recklessly, it was not legally sufficient to prove that he did so under circumstances evincing a depraved indifference to human life. Accordingly, we modify the judgment by reducing the conviction from murder in the second degree to the lesser-included offense of manslaughter in the second degree, and we remit the case for sentencing on that conviction (*see People v McMillon, supra*). Miller, J.P., Adams, Spolzino, and Fisher, JJ., concur.