■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ZIMINSKI, Appellant. [823 NYS2d 519]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered November 15, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of murder in the second degree to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for sentencing on the conviction of manslaughter in the second degree.

Following a jury trial, the defendant was convicted of depraved indifference murder (*see* Penal Law § 125.25 [2]). On appeal, he asserts that the evidence was legally insufficient to support his conviction. We agree. Simply put, the "[d]efendant did not commit depraved indifference murder within the meaning of the statute" (*People v Atkinson,* 7 NY3d 765, 766 [2006]).

The evidence was legally insufficient to establish that the defendant acted with the depravity and indifference to human life required for the commission of depraved indifference murder (*see* Penal Law § 125.25 [2]; *People v Suarez,* 6 NY3d 202, 212-214 [2005]; *People v Payne,* 3 NY3d 266, 272 [2004]; *People v McMillon,* 31 AD3d 136 [2006], *lv denied* 7 NY3d 815 [2006]; *People v Madison,* 22 AD3d 684, 686-687 [2005]; *see generally People v Feingold,* 7 NY3d 288, 293-294 [2006]). "[A]lthough legally insufficient to support the depraved indifference murder charge, the evidence was legally sufficient to establish the lesser-included offense" (*People v McMillon, supra* at 142). This is so

because "depravity and indifference to human life are not elements of the lesser-included offense of manslaughter in the second degree" (*id.* at 141). "[I]f an appellate court concludes that a conviction of depraved indifference murder cannot stand, not because the evidence establishes a 'manifest intent to kill,' " in which case the only available corrective action would be the reversal of that conviction and the dismissal of that count, "but because it fails to establish the requisite level of depravity and indifference to human life necessary for the commission of the crime, the court may apply the corrective action of modifying the judgment 'by changing it to one of conviction for the lesser offense' " (*id.*, quoting CPL 470.15 [2] [a]). We therefore modify the judgment by reducing the conviction from murder in the second degree (Penal Law § 125.25 [2]) to manslaughter in the second degree (Penal Law § 125.15 [1]) (*see People v McMillon, supra*).

Contrary to the defendant's contention, the County Court properly admitted into evidence several photographs depicting the victim and the fatal shotgun wound he sustained (*see People v Wood,* 79 NY2d 958, 960 [1992]; *People v Pobliner,* 32 NY2d 356, 369 [1973]; *People v Louisias,* 29 AD3d 1017, 1020 [2006]; *People v Grayton,* 22 AD3d 598, 598 [2005]; *People v Roque,* 11 AD3d 488, 489 [2004]). The photographs were not admitted for the sole purpose of arousing the emotions of the jury (*see People v Wood, supra* at 960; *People v Pobliner, supra* at 369; *People v Louisias, supra; People v Roque, supra* at 489). Additionally, the court properly admitted into evidence the T-shirt the victim was wearing at the time of the shooting, as it was relevant and its probative value was not substantially outweighed by the danger that it would unfairly prejudice the defendant (*see generally People v Scarola,* 71 NY2d 769, 777 [1988]; *People v Rosado,* 273 AD2d 325, 326-327 [2000]).

"The trial court properly exercised its discretion in not imposing a sanction upon the People for the destruction of a tape recording of the telephone call between [a police] officer and a [data processing] transcriber, since the defendant failed to establish bad faith on the part of the People or the police in destroying the tape, or any prejudice to the defendant" (*People v Lopez,* 292 AD2d 395, 396 [2002]; *see People v Coggins,* 234 AD2d 469, 469 [1996]; *People v Gibbs,* 211 AD2d 641, 641 [1995]; *People v Grice,* 203 AD2d 587, 587-588 [1994]; *see also People v Joseph,* 86 NY2d 565 [1995]; *People v Martinez,* 71 NY2d 937 [1988]).

The shotgun with which the defendant shot the victim was properly admitted into evidence and, contrary to the defendant's

contention, upon affording the parties an opportunity to be heard on the matter, the court did not improvidently exercise its discretion in permitting the jurors to examine the shotgun unsupervised during deliberations (*see* CPL 310.20 [1]; *People v Damiano,* 87 NY2d 477, 487 [1996]; *People v Owens,* 69 NY2d 585, 590 [1987]; *People v Isaac,* 214 AD2d 749, 750 [1995]; *see also People v Thigpen,* 30 AD3d 1047, 1048 [2006]; *People v Dixon,* 170 AD2d 619, 619 [1991]). Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.