THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SY BEST, Appellant. [825 NYS2d 177]—Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (Mullings, J.), both imposed September 16, 2003, on the grounds that the sentences are illegal.

Ordered that the sentences are affirmed. No opinion. Prudenti, P.J., Adams, Goldstein, Skelos and Covello, JJ., concur.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK CANE, Appellant. [825 NYS2d 710]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered March 16, 2005, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Aloise, J.), of that branch of the defendant's omnibus motion which was to suppress a statement he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erroneously found that he was not in custody at the time he made an inculpatory statement to the police in violation of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). However, the defendant waived immunity and testified before the grand jury that he had possession of the illegal weapon under circumstances negating innocent possession. Therefore, we find that the admission of the defendant's statement to the same effect was a harmless error (*see People v McMillon*, 31 AD3d 136 [2006], *lv denied* 7 NY3d 815 [2006]), since it merely tracked his grand jury testimony, which was received in evidence during trial. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.