■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH HAWTHORNE, Appellant. [826 NYS2d 147]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered June 12, 2003, convicting him of murder in the second degree, assault in the

second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of murder in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was indicted for, inter alia, intentional murder and depraved indifference murder for the death of Kelvin Armstead, and assault in the second degree for the severe bludgeoning of Milton Tennessee. At trial, the People presented a statement given by the defendant to the police wherein he admitted to being present in Armstead's apartment on the night in question and to striking both victims with a hammer. However, the defendant asserted, Armstead and Tennessee had been smoking crack and, when he refused to loan them money to buy more, they physically assaulted him and tried to go through his pockets. Thus, he told police, he only swung the hammer to ward off the attack. However, the People presented unrebutted and unimpeached medical evidence that Armstead suffered numerous and severe injuries, including a minimum of 10 blows to his head with a claw hammer, and that there had been an attempt to strangle Armstead while he was still alive. The defendant was convicted of, inter alia, depraved indifference murder, but was acquitted of intentional murder. On appeal, the defendant argues, among other things, that the evidence was legally insufficient to support his conviction of depraved indifference murder. We agree, and vacate the conviction and dismiss that count of the indictment.

It is now settled that depraved indifference to human life is a culpable mental state (*see People v Feingold,* 7 NY3d 288, 294 [2006]). This Court recently summarized the relevant law as follows: "In order to prove a defendant guilty of depraved indifference murder, the evidence must establish beyond a reasonable doubt that, under circumstances evincing a depraved indifference to human life, the defendant recklessly engaged in conduct that created a grave risk of death to another person, and thereby caused the death of that person or a third person (*see* Penal Law § 125.25 [2]). . . . The element of depraved indifference to human life comprises both depravity and indifference, and has meaning independent of recklessness and the gravity of the risk created. It is best understood as an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not. Reflecting wickedness, evil or inhumanity, as manifested by brutal, heinous and despic-

able acts, depraved indifference is embodied in conduct that is so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to render the actor as culpable as one whose conscious objective is to kill." (*People v McMillon*, 31 AD3d 136, 138-139 [2006], *lv denied* 7 NY3d 815 [2006] [internal citations and quotations omitted].) Thus, the use of a weapon can never result in a conviction of depraved indifference murder when there is a manifest intent to kill because a manifest intent to kill negates the core element of recklessness (*see People v Payne*, 3 NY3d 266 [2004]; *People v McMillon, supra*). Consequently, the Court of Appeals has emphasized, "a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder" (*People v Payne, supra* at 272; *see People v Suarez*, 6 NY3d 202 [2005]). Rather, classic examples of depraved indifference to human life include shooting into a crowd, placing a time bomb in a public place, or opening the door of the lions' cage at the zoo (*see People v Feingold, supra* at 293; *People v Payne, supra* at 272).

In general, evidence resulting in a conviction of depraved indifference murder has been found legally insufficient on appeal for one of two reasons. The evidence may demonstrate a manifest intent to kill, thereby negating the core element of recklessness, or it may fail to establish the required level of depravity and indifference (*see People v McMillon, supra* at 139). The appropriate corrective action turns on which of the two grounds for reversal is applicable. When the deficiency in the proof of depraved indifference murder also renders the evidence legally insufficient to support the lesser-included offense of manslaughter in the second degree (reckless killing), that is, when the evidence establishes a manifest intent to kill, the only available corrective action is to reverse and dismiss the depraved indifference count (*see People v McMillon, supra* at 139-140). When the evidence is legally insufficient to establish the defendant's guilt of depraved indifference murder, but is legally sufficient to establish his or her guilt of the lesser-included offense of manslaughter in the second degree, that is, when the evidence establishes a reckless killing but without the required level of depravity and indifference, the court may modify the judgment by reducing the conviction of depraved indifference murder to the lesser offense of manslaughter in the second degree (*see People v McMillon, supra* at 140).

Here, there was no valid line of reasoning and permissible inferences that could have led a rational jury to conclude, as the jury unanimously did, that the killing was reckless rather than

intentional. The evidence of the numerous and severe injuries to Armstead, including the minimum of 10 blows to his head with a claw hammer and the attempted strangulation, clearly demonstrated a "manifest intent to kill" (*People v Payne, supra* at 271), and cannot be reconciled with the defendant's version of the events, which might otherwise support a finding that the killing was reckless (*see e.g., People v Gonzalez,* 1 NY3d 464 [2004]). Thus, this is one of those rare and exceptional cases where the defendant's conviction of depraved indifference murder must be reversed and dismissed, rather than reduced to a conviction of manslaughter in the second degree (*see People v McMillon, supra; see also People v Suarez, supra; People v Payne, supra; People v Atkinson,* 21 AD3d 145 [2005], *mod* 7 NY3d 765 [2006]).

The defendant's remaining contentions are without merit. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.