■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE WOOD, Appellant. [845 NYS2d 322]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered October 4, 2004, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 16 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Through cross-examination of the victim and two police witnesses, and in his summation, counsel placed great emphasis on the fact that the victim originally told the police he did not know who shot him. On appeal, defendant asserts that counsel should also have made use of a police report that tended to undermine the prosecution's explanation for the inconsistency. Even if we were to find that counsel should have made the additional efforts at issue, we would find that his failure to do so did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005];

*People v Hobot*, 84 NY2d 1021, 1024 [1995]). The material at issue did not have such additional value as to create a reasonable possibility of a different verdict. Defendant's additional claim that counsel should have requested a missing witness charge relating to the victim's "friend" is without merit because none of the requirements for such a charge were present (*see generally People v Gonzalez*, 68 NY2d 424 [1986]).

Defendant's arguments concerning the court's limitation of his cross-examination of the victim are similar to arguments this court rejected on a codefendant's appeal (*People v Winston*, 27 AD3d 279 [2006], *lv denied* 7 NY3d 765 [2006]), and we see no reason to reach a different result here.

We perceive no basis for reducing the sentence. Since the crime was committed prior to the effective date of the legislation providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Lippman, P.J., Mazzarelli, Marlow, Catterson and Kavanagh, JJ.