OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
*74 Defendant was charged with, among other things, violating Huntington Town Code § 87-25 (A) in that, on June 9, 2008, he had failed to obtain a certificate of occupancy for a two-story detached garage. Following a Mapp hearing and a nonjury trial, defendant was convicted of this offense.
A review of the trial testimony indicates that on June 9, 2008, a town investigator observed a detached garage from the street in front of defendant’s property. A photograph of the detached garage taken from that vantage point was entered into evidence. The trial record further established that a certificate of occupancy had been issued for a one-story single-family dwelling in 1958 and that, in 1996, defendant had pleaded guilty to failing to have a certificate of occupancy for the detached garage. At trial, defendant introduced a duplicate certificate of occupancy, dated June 20, 1996, which he maintained covered the detached garage. The town building permits coordinator testified that based on his review of the town’s records for the premises, the duplicate certificate of occupancy proffered by defendant did not cover the garage and explained that the reference on that document to a garage was standard language contained on all such duplicate forms. On rebuttal, the People further introduced evidence that defendant had previously sought a variance from the Town Zoning Board of Appeals to legalize the detached garage and had explicitly maintained at that proceeding that the same duplicate certificate of occupancy only covered the main dwelling on the premises.
“A Fourth Amendment search occurs when the ‘government violates a subjective expectation of privacy that society recognizes as reasonable’ ” (Beganskas v Town of Babylon, 2006 WL 2689611, *2, 2006 US Dist LEXIS 66938, *7 [ED NY 2006], quoting Kyllo v United States, 533 US 27, 33 [2001]). “A mere ‘visual observation’ of an object already exposed to public view is no search at all” (Beganskas v Town of Babylon, 2006 WL 2689611, *2, 2006 US Dist LEXIS 66938, *7, quoting Palmieri v Lynch, 392 F3d 73, 81 [2d Cir 2004]). The testimony at both the Mapp hearing and trial established that the detached nature of the garage was apparent from the street .in front of the premises and that the one photograph of the detached garage admitted into evidence was in fact taken from the street in front of defendant’s property on June 9, 2008. Since this photograph and other observations of the town investigator were not the product of an illegal intrusion upon defendant’s property, they were properly admitted into evidence (see California v Ciraolo, 476 *75 US 207 [1986]; People v Castanza, 24 Misc 3d 134[A], 2009 NY Slip Op 51416[U] [App Term, 9th & 10th Jud Dists 2009]).
Additionally, the District Court properly admitted the prior certificate of disposition reflecting defendant’s plea of guilty to failure to obtain a certificate of occupancy for the garage on May 31, 1996. This evidence provided necessary context to the People’s additional evidence that defendant had commenced but had never concluded a legalization proceeding pursuant to that disposition, which belied defendant’s argument that the duplicate certificate of occupancy dated June 20, 1996 covered the garage. Moreover, the document’s probative value was not substantially outweighed by the danger that it would unfairly prejudice defendant (see People v Ziminski, 34 AD3d 507, 509 [2006]; see generally People v Caban, 14 NY3d 369, 374 [2010]; People v Scarola, 71 NY2d 769, 777 [1988]); instead, it was relevant to the resolution of the instant matter.
Contrary to defendant’s contention, the town building permits coordinator’s testimony that the duplicate certificate of occupancy did not cover the garage was not incredible as a matter of law (see e.g. People v Lynch, 63 AD3d 959 [2009]). The testimony that the verbiage “1ST FL GARAGE” and “2ND FL OTHER” appearing on the form was standard to all duplicate certificate of occupancy forms was unrebutted. Moreover, it was reasonable for the District Court to credit this testimony, especially in light of the People’s rebuttal evidence that at a hearing before the Zoning Board of Appeals, defendant had argued that the same duplicate certificate of occupancy only covered the main dwelling of the premises.
Defendant received a $4,000 fine for the conviction, which is less than the $5,000 maximum authorized by the Town Code (see Huntington Town Code § 87-45 [A]). In view of the protracted duration of defendant’s violation, his sentence was neither harsh nor excessive (see People v Suitte, 90 AD2d 80 [1982]; People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U] [App Term, 9th & 10th Jud Dists 2011]). Moreover, it is well settled that where a sentence is within the permissible statutory guidelines — as it is here — it should not be disturbed unless there is a clear showing that the sentencing court abused its discretion or that extraordinary circumstances exist which require a modification of the sentence (see People v Hodges, 13 AD3d 979 [2004]; People v Dolphy, 257 AD2d 681 [1999]). As defendant has not shown that any extraordinary circumstances exist, we decline to modify the sentence.
*76 Accordingly, the judgment of conviction is affirmed.
Tanenbaum, J.E, Nicolai and Molía, JJ., concur.