■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAINES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered May 8, 1986, convicting him of burglary in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On cross-examination of the defendant the prosecutor asked the defendant about his failure to come forward with an exculpatory version of the events at the time he was arrested.

Such questioning was improper and highly prejudicial *(see, People v Conyers,* 52 NY2d 454, 459; *People v Copeland,* 127 AD2d 846). During the colloquy following defense counsel's objection to the inquiry, the Trial Judge failed to recognize the impropriety of the inquiry despite counsel's invocation of the defendant's right to remain silent. After overruling the objection, the Trial Judge, himself, asked the defendant whether he had told his version of the events to the police at the time he was arrested. The Trial Judge's inquiry indicated that he believed the defendant's postarrest silence could cast doubt on his credibility *(Hawkins v LeFevre,* 758 F2d 866, 875, 878). As the evidence of the defendant's guilt was not overwhelming, the improper inquiry had the effect of depriving the defendant of a fair trial *(see, People v Livingston,* 128 AD2d 645).

We have considered the defendant's additional contention that the prosecutor improperly cross-examined the defendant regarding his alibi witnesses and find it to be without merit *(see, People v Gonzalez,* 68 NY2d 424; *People v Morales,* 126 AD2d 575). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.