■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO MEJIA and EUGENIA ROBINSON, Appellants. [683 NYS2d 541] —Appeals by the defendants from two judgments (one as to each defendant) of the County Court, Westchester County (Dillon, J.), both rendered August 28, 1997, convicting each of the defendants of burglary in the first degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are reversed, on the law, and a new trial is ordered.

We find that the defendants were prejudiced by the prosecutor's violation of the rule that a defendant's postarrest silence is inadmissible for impeachment purposes in the absence of unusual circumstances (*see, People v Conyers,* 52 NY2d 454), which are not present here. The defendant Eugenia Robinson

testified on direct examination that the complainant pointed a gun at her and her companion (the codefendant Gustavo Mejia) during their attempt to recover a substantial sum of money they had given to a member of the complainant's family for investment purposes. She further testified that after Mejia struggled with the complainant, wresting the gun from him, they left the complainant's home. When the police began to chase Mejia at the urging of the complainant, she attempted to explain to the police, who ignored her, that they were making a mistake in chasing and subsequently arresting Mejia and her.

During cross-examination, seeking to portray Robinson's version of the events as a recent fabrication, the prosecutor asked the defendant, over the defense counsel's objection, whether she had reiterated her exculpatory story to the police after she was handcuffed and taken to the police precinct. Furthermore, the prosecutor was permitted, on rebuttal, to recall the arresting officer to testify that Robinson did not offer further explanation. The trial court improvidently exercised its discretion by allowing the People to pursue this improper line of inquiry (*see, People v Dyer,* 201 AD2d 498; *see also, People v Haines,* 139 AD2d 591). Moreover, as it is possible that the jury construed Robinson's silence as an admission of guilt, there was a substantial risk that Robinson and Mejia, who did not testify at trial, were prejudiced by the prosecutor's questions (*see, People v De George,* 73 NY2d 614, 618-619; *see also, People v Conyers,* 52 NY2d 454, 459, *supra*). Since the evidence of the defendants' guilt is less than overwhelming, the error cannot be deemed harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242).

In light of our determination, we need not reach the defendants' remaining contentions. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.