◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. BROWN, Appellant. [738 NYS2d 229] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered September 14, 1999, convicting him of assault in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's conduct constituted reversible error is without merit. While some of the trial court's behavior and comments, specifically with respect to its treatment of defense counsel, are not beyond criticism, when viewed in its entirety, the trial court's conduct fell within the bounds of judicial discretion in controlling the proceedings before it and did not constitute reversible error (*see, People v Sevencan,* 258 AD2d 485; *People v Serrano,* 253 AD2d 531; *People v Riddick,* 251 AD2d 517).

The defendant's remaining contentions are without merit. Smith, J.P., Friedmann, Adams and Townes, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE F. BULLARD, Appellant. [738 NYS2d 229] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered January 21, 2000, convicting her of attempted robbery in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Ritter, J.P., Altman, Smith, McGinity and Cozier, JJ., concur.