■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE LAWHORN, Appellant. [804 NYS2d 517]—

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered January 9, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the conviction of murder in the second degree (Penal Law § 125.25) under the second count of the indictment to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on that count and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for sentencing on that conviction.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [2]), defendant contends that the evidence is legally insufficient to support the conviction of depraved indifference murder. We agree.

Defendant admitted that he intentionally stabbed the victim once in the chest, but he contended that he meant only to inflict pain. The videotape of the incident, which was admitted in evidence, depicts defendant entering the store where the crime occurred, stabbing the victim once and then leaving the store. The Deputy Medical Examiner testified that the object used by defendant to stab the victim passed through the victim's sternum and through the left atrium of the victim's heart. Thus, according to the Deputy Medical Examiner, defendant must have used "significant" and "[s]ubstantial force" in causing the injury. The jury acquitted defendant of intentional murder, but convicted him of depraved indifference murder.

We conclude that this case falls within the "overwhelming majority" of cases in which depraved indifference murder should not have been charged (*People v Payne*, 3 NY3d 266, 270 [2004], *rearg denied* 3 NY3d 767 [2004]; *cf. People v Sanchez*, 98 NY2d 373, 376-377 [2002]). "Absent the type of circumstances in, for example, *Sanchez* (where others were endangered), a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder" (*Payne*, 3 NY3d at 272; *see People v Hafeez*, 100 NY2d 253, 258-259 [2003]). Even where others are not endangered, there is "another species of depraved indifference murder in which the acts of the defendant are directed against a particular victim but are marked by uncommon brutality—coupled not with an intent to kill, . . . , but with depraved indifference to the victim's plight. Instances include where, without the intent to kill, the defendant inflicted continuous beating on a three-year-old child . . . , fractured the skull of a seven-week-old baby . . . , repeatedly beat a nine year old . . . or robbed an intoxicated victim and forced him out of a car on the side of a dark, remote, snowy road partially dressed and without shoes in subfreezing temperatures" (*Payne*, 3 NY3d at 271-272). There is no rational view of the evidence by which the jury could have found that defendant acted with the "uncommon brutality" necessary to meet the standard for depraved indifference murder in this one-on-one knifing (*id.* at 271; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We therefore modify the judgment by reducing the conviction of murder in the second degree under the second count of the indictment to manslaughter in the second degree (Penal Law

§ 125.15 [1]) and vacating the sentence imposed on that count (*see* CPL 470.15 [2] [a]; *People v Magliato*, 110 AD2d 266, 270-271 [1985], *affd* 68 NY2d 24 [1986]; *People v Asaro*, 182 AD2d 823, 824 [1992]; *People v Thacker*, 166 AD2d 102, 107-109 [1991], *lv denied* 79 NY2d 865 [1992]). Based on our decision herein, we see no need to address defendant's contention that the verdict is against the weight of the evidence.

Finally, we reject the contention of defendant that he was deprived of his constitutional right to present a defense. Supreme Court permitted defendant to testify that the victim broke defendant's finger two weeks before the stabbing, but the court precluded defendant from testifying that the victim used a hammer in that prior incident. Whether the victim used a hammer is irrelevant and, indeed, could prejudice a jury where, as here, there was no claim of justification (*cf. People v Miller*, 39 NY2d 543, 551-552 [1976]; *People v Bedi*, 299 AD2d 556 [2002], *lv denied* 99 NY2d 612 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.