■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INDAR PITTAM, Appellant. [804 NYS2d 778]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered June 18, 2003, convicting him of arson in the first degree, criminal possession of a weapon in the third degree, reckless endangerment in the

first degree (three counts), and criminal mischief in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction for arson in the first degree from an indeterminate term of 20 years' to life imprisonment to an indeterminate term of 15 years' to life imprisonment, and directing that all sentences shall run concurrently; as so modified, the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

Contrary to the defendant's contention, none of the court's remarks during the trial prevented the jury from arriving at an impartial verdict based upon the evidence presented. The trial court kept the proceedings within the confines of the issues and encouraged clarity in the development of proof (see People v Moulton, 43 NY2d 944, 946 [1978]). Although certain of the court's comments during the course of the proceedings were clearly inappropriate, the defendant was not denied a fair trial by those unfortunate and ill-advised remarks (see generally People v Moulton, id.; People v Brown, 291 AD2d 505 [2002]).

The defendant was afforded meaningful representation and was not denied the effective assistance of counsel (see People v Benevento, 91 NY2d 708 [1998]; People v Rivera, 71 NY2d 705 [1988]; People v Baldi, 54 NY2d 137 [1981]).

The sentence was excessive to the extent indicated (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.