▇ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TORRES, Appellant. [828 NYS2d 65]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered August 17, 2004, convicting him of murder in the second degree, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's conviction of murder in the second degree to manslaughter in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for sentencing on the conviction of manslaughter in the second degree.

Following a jury trial the defendant was convicted of depraved indifference murder (Penal Law § 125.25 [2]). We agree with the defendant's contention on appeal that the evidence was legally insufficient to establish that he acted with the depravity and indifference to human life required for a conviction of depraved indifference murder (*see People v Suarez*, 6 NY3d 202, 212-214 [2005]). However, the evidence was legally sufficient to establish the lesser-included offense of manslaughter in the second degree (Penal Law § 125.15 [1]; *see People v Rodriguez*, 33 AD3d 730 [2006]; *People v McMillon*, 31 AD3d 136, 142 [2006], *lv denied* 7 NY3d 815 [2006]), a charge that the defendant had requested be submitted to the jury. Accordingly, we modify the judgment by reducing the conviction from murder in the second degree to manslaughter in the second degree (*see People v Atkinson*, 7 NY3d 765 [2006]; *People v McMillon, supra*) and remit the matter to the Supreme Court for sentencing on that conviction (*see*

CPL 470.20 [4]). The defendant's remaining claims concerning the weight of the evidence are without merit (*see People v Wells*, 18 AD3d 482, 483 [2005]; *People v Rose*, 224 AD2d 643 [1996]).

Contrary to the defendant's contentions, he was neither placed in custody without probable cause (*see People v Ellerbe*, 265 AD2d 569, 570 [1999]), nor subjected to a ruse that was so fundamentally unfair as to deny him due process (*see People v Miller*, 268 AD2d 600 [2000]). Moreover, the People did not impermissibly shift the burden of proof by eliciting testimony and making statements that it was difficult to recover forensic evidence from the crime scene (*see People v Justino*, 26 AD3d 345 [2006]; *People v Graham*, 265 AD2d 424, 425 [1999]). Finally, there is no merit to the defendant's claim that the jurors misunderstood the court's "total circumstantial charge" (*People v Sanchez*, 61 NY2d 1022, 1023 [1984]), and that it erred in failing to issue a curative instruction because the jury is presumed to have followed the court's instruction (*see People v Hardy*, 22 AD3d 679, 680 [2005]). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.