■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKY ZEPHIRIN, Appellant. [849 NYS2d 438]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered October 14, 2004, convicting him of reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of reckless endangerment in the first degree to reckless endangerment in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of reckless endangerment in the second degree.

"A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he or she recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25; *see People v Persaud,* 25 AD3d 626 [2006]).

The defendant contends that the evidence supporting his conviction of reckless endangerment in the first degree was legally insufficient to establish the element of depraved indifference. At trial, he never argued, or requested that the Supreme Court instruct the jury, that depraved indifference was a culpable mental state (*see People v Feingold,* 7 NY3d 288, 291[2006]). Thus, we find that the defendant's legal sufficiency claim in this regard is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review that claim in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Nevertheless, the defendant preserved for appellate review the contention that the objective circumstances did not establish depraved indifference (*see People v Register,* 60 NY2d 270, 276-277 [1983], *cert denied* 466 US 953 [1984]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the evidence adduced at trial was legally insufficient to prove that the objective circumstances established depraved indifference to human life.

However, the evidence, when viewed in the light most favorable to the prosecution, was legally sufficient to support a conviction of reckless endangerment in the second degree (*see* Penal Law § 120.20). Accordingly, we modify the judgment by reducing the conviction from reckless endangerment in the first degree to reckless endangerment in the second degree (*see* CPL

470.15 [2] [a]) and remit the matter to the Supreme Court, Kings County, for sentencing on that conviction (see CPL 470.20 [4]). The defendant's remaining claim concerning the weight of the evidence is without merit (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Torres, 34 AD3d 704, 705 [2006]).

The defendant's remaining contention is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction. Crane, J.P., Rivera, Florio and Balkin, JJ., concur.