THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY WILSON, Appellant. [854 NYS2d 150]—

Contrary to the defendant's contention in his supplemental pro se brief, the testimony presented at the pretrial hearing established that his identification by witness Anthony Watts was merely confirmatory, and that branch of the defendant's omnibus motion which was to suppress Watts's identification testimony was thus properly denied (*see People v Garner*, 27 AD3d 764 [2006]; *People v Jenkins*, 230 AD2d 806, 807 [1996]; *cf. People v Rodriguez*, 79 NY2d 445 [1992]).

The defendant's contention that the evidence was legally

insufficient to establish his intent to inflict serious physical injury upon the victim is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant intended to cause serious physical injury to the victim and caused the victim's death (*see* Penal Law § 10.00 [10]; § 125.20 [1]; *People v Bisono*, 37 AD3d 844 [2007]; *People v Love*, 37 AD3d 618, 619 [2007]; *People v Gill*, 20 AD3d 434, 434-435 [2005]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the People's summation remarks constituted reversible error. However, the comments alleged to be inflammatory and prejudicial were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]), or harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.