■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ALMANZAR, Appellant. [870 NYS2d 59]—

The defendant contends that the Supreme Court erred in refusing to charge the jury on the affirmative defense to bail jumping under Penal Law § 215.59. We agree. As a general matter, "a court must charge the jury on any claimed defense that is supported by a reasonable view of the evidence which the court must assess in the light most favorable to the defendant" (*People v Taylor*, 80 NY2d 1, 12 [1992]). The defendant bears the burden at trial of establishing the affirmative defense to bail jumping by a preponderance of the evidence (*see* Penal Law § 25.00 [2]). Here, viewing the evidence in the light most favorable to the defendant (*see People v Taylor*, 80 NY2d at 12), a reasonable view of the evidence supported issuing the charge on the affirmative defense to bail jumping (*see* Penal Law § 215.59), and the court should have included the charge in its instructions to the jury. Accordingly, the matter must be remitted for a new trial on the charge of bail jumping in the first degree contained in indictment No. 1333-04. The defendant also contends that this error resulted in a prejudicial spillover effect with respect to his justification defense regarding the charges contained in indictment No. 2790-02, which were tried with the charge of bail jumping contained in indictment No. 1333-04. This contention, however, is without merit and belied by the fact that the jury acquitted the defendant of two counts under indictment No. 2790-02, including the top count of assault in the first degree (*cf. People v Doshi,* 93 NY2d 499, 506 [1999]).

As to the remaining convictions of assault in the second degree and criminal possession of a weapon in the fourth degree, the defendant's challenges to the legal sufficiency of the evidence are unpreserved for appellate review, as the defendant's general motions to dismiss at the close of the People's case and at the close of all evidence failed to specify any grounds for dismissal (*see* CPL 470.05 [2]; *People v Nesbitt,* 41 AD3d 866 [2007];

*People v Ayala,* 36 AD3d 827 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed on indictment No. 2790-02 was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

In light of our determination on the conviction of bail jumping in the first degree, the defendant's remaining contentions with respect to that conviction have been rendered academic. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.