Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered June 29, 2010, convicting him of assault in the first degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient in that the People did not disprove his justification defense beyond a reasonable doubt with respect to the count charging assault in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Garguilio, 57 AD3d 797, 798 [2008]; People v Terrero, 31 AD3d 672 [2006]). In any event, the evidence, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), was legally sufficient to *792 disprove the defendant’s justification defense beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of assault in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The record, viewed in totality, demonstrates that the defendant was afforded the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to the contention raised by the defendant in his pro se supplemental brief, the County Court did not err in declining his request for a jury charge as to the justifiable use of deadly force to prevent or terminate the commission or attempted commission of a burglary. Viewed in the light most favorable to the defendant (see People v Padgett, 60 NY2d 142, 144 [1983]), no reasonable view of the evidence supported that charge (see People v Beckford, 49 AD3d 547, 548 [2008]).
Contrary to the further contention raised in the defendant’s pro se supplemental brief, the evidence, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), was legally sufficient to establish beyond a reasonable doubt the defendant’s possession of a gravity knife and his guilt of criminal possession of a weapon in the third degree as charged under Penal Law §§ 265.01 (1) and 265.02 (1). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Skelos, J.B, Leventhal, Hall and Sgroi, JJ., concur.