The defendant contends that the jury verdict was against the weight of the evidence because the People failed to disprove his justification defense beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 *704 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the rejection of the justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contraiy to the People’s contention, the Supreme Court erred when it permitted the prosecutor to question the defendant about his post-arrest silence. Generally, a defendant’s post-arrest silence cannot be used for impeachment purposes (see People v De George, 73 NY2d 614, 618 [1989]; People v Conyers, 52 NY2d 454, 457 [1981]; People v Tucker, 87 AD3d 1077, 1078 [2011]; People v Mejia, 256 AD2d 422, 422 [1998]). Further, “ ‘an individual’s pretrial failure to speak when confronted by law enforcement officials is of extremely limited probative worth’ while ‘the risk of prejudice is substantial’ ” (People v Tucker, 87 AD3d at 1078, quoting People v Conyers, 52 NY2d at 458, 459 [1981]).
Here, over defense counsel’s objection, the prosecutor was permitted to impeach the defendant’s testimony with his failure to offer an exculpatory version of the events to the police. Although the defendant initially responded to certain questions asked by the police, he then invoked his right to remain silent and offered no information “narrating] the essential facts of his involvement in the crime” (People v Savage, 50 NY2d 673, 676 [1980], cert denied 449 US 1016 [1980]). Accordingly, the Supreme Court erred in allowing the prosecutor to pursue this line of inquiry (see People v McArthur, 101 AD3d 752, 753 [2012]; People v Tucker, 87 AD3d at 1079). Further, since the evidence in this case was not overwhelming, the error was not harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
In light of our determination, we need not reach the defendant’s remaining contentions.
We note that because of intemperate remarks made by the Supreme Court Justice at sentencing, which suggested that the Justice improperly sentenced the defendant based on a crime for which he was acquitted (see People v Francis, 100 AD3d 1017 [2012]; People v Matyjewicz, 80 AD3d 779 [2011]), and the Justice’s refusal to consider a plea agreement reached during the course of the trial based on strict adherence to the Justice’s individual policy, which was unrelated to the circumstances of this defendant and the proposed plea agreement at issue (see People v Compton, 157 AD2d 903 [1990]), we remit the matter to the Supreme Court, Kings County, for a new trial before a different Justice. Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.