■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC N. SIMPSON, Appellant. [56 NYS3d 253]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered February 3, 2015, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 19 years, to be followed by 5 years of postrelease supervision, on the conviction of manslaughter in the first degree, and a concurrent definite term of incarceration of 1 year on the conviction of criminal possession of a weapon in the fourth degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of manslaughter in the first degree from a determinate term of imprisonment of 19 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the People failed to disprove the defense of justification (*see* CPL 470.05 [2]; *People v Landri*, 104 AD3d 791 [2013]; *People v Garguilio*, 57 AD3d 797, 798 [2008]). In any event, the evidence, when viewed in the light most favorable to the prosecution, was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt

(*see People v Huddleston*, 101 AD3d 901 [2012]; *People v Morrison*, 94 AD3d 913, 914 [2012]; *People v Almanzar*, 57 AD3d 686, 688 [2008]). The People also adduced legally sufficient evidence that the defendant intended to inflict serious physical injury upon the victim (*see People v Serrano*, 74 AD3d 1104, 1105-1106 [2010]; *People v Wilson*, 49 AD3d 673, 674 [2008]; *People v Bisono*, 37 AD3d 844 [2007]; *People v Gill*, 20 AD3d 434, 434-435 [2005]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the count of manslaughter in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the prosecutor committed misconduct in summation by denigrating the defense (*see* CPL 470.05 [2]; *People v Choi*, 137 AD3d 808, 810 [2016]). In any event, any improper comments were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (*see People v Alphonso*, 144 AD3d 1168, 1168-1169 [2016]; *People v Baez*, 137 AD3d 805, 806 [2016]; *People v Pringle*, 136 AD3d 1061, 1063 [2016]). The defendant also objects to certain remarks in which the prosecutor commented on his pre-arrest silence. While those remarks were improper (*see People v Anderson*, 142 AD3d 713, 716 [2016]; *see also People v Williams*, 25 NY3d 185, 190 [2015]), the Supreme Court provided a curative instruction as to those remarks, and it must be presumed that the jury followed that instruction (*see People v Guzman*, 76 NY2d 1, 7 [1990]; *People v Williams*, 123 AD3d 1152, 1154 [2014], *affd* 29 NY3d 84 [2017]). Furthermore, defense counsel's failure to object to certain of the challenged summation remarks did not constitute ineffective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Lopez*, 69 AD3d 958 [2010]).

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.