Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered October 8, 2010, convicting her of assault in the second degree (two counts) and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree under count one of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
 

 The defendant was charged with, among other crimes, two counts of assault in the second degree (Penal Law § 120.05 [3]) and one count of obstructing governmental administration in the second degree (Penal Law § 195.05). At a jury trial, the People presented evidence that emergency medical services (hereinafter EMS) personnel from the New York City Fire Department (hereinafter FDNY) responded to the home of the defendant’s parents after receiving a 911 call reporting that the defendant’s father was unconscious. However, when two paramedics arrived, the defendant would not allow them into the home, stating that they were no longer needed. The paramedics called the police for assistance, but the defendant still refused to allow the paramedics to render medical assistance to her father. The police officers eventually were able to convince the defendant to allow the paramedics to examine her father, but when the paramedics tried to transport him to the hospital, the defendant and her mother allegedly attacked them. Police officers thereafter attempted to arrest the defendant and her mother, but they resisted. The People presented evidence that the defendant bit Paramedic Heath Cohn while he and a police officer struggled with the defendant.
 

 The defendant raised the defense of justification with respect to her alleged assault of Paramedic Cohn and asked the Supreme Court to instruct the jury as to that defense. In response, the People requested an instruction on Penal Law § 35.27 (known as the “no-sock law”). The court instructed the jury on the defendant’s justification defense and on Penal Law § 35.27. The jury ultimately returned a verdict finding the defendant guilty of two counts of assault in the second degree and one count of obstructing governmental administration in the second degree. The defendant appeals.
 

 The defendant failed to preserve for appellate review her contention that the conviction of assault in the second degree relating to Paramedic Cohn was not supported by legally sufficient evidence because the People failed to disprove the defense of justification beyond a reasonable doubt (see CPL 470.05 [2]; People v Simpson, 151 AD3d 762, 762 [2017]; People v Landri, 104 AD3d 791 [2013]; People v Garguilio, 57 AD3d 797, 798 [2008]). Under the circumstances, we decline to review that issue in the exercise of our interest of justice jurisdiction (see People v Zephirin, 47 AD3d 649, 649 [2008]; People v Bennett, 40 AD3d 653, 655-656 [2007]; People v Pittam, 23 AD3d 412, 412 [2005]; People v Franklin, 5 AD3d 791, 791 [2004]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]). Upon reviewing the record here, we are satisfied that the jury’s rejection of the justification defense was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant also contends that the Supreme Court erred in charging the jury pursuant to Penal Law § 35.27 because Paramedic Cohn was not a “peace officer” within the meaning of that statute. We agree with the defendant that the court’s submission of Penal Law § 35.27 during the justification charge was erroneous.
 

 Penal Law § 35.27 provides that “[a] person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer or peace officer when it would reasonably appear that the latter is a police officer or peace officer.” CPL 2.10 sets forth the “[p]ersons designated as peace officers,” including, as relevant here, “[a]ll officers and members of the uniformed force of the New York city fire department as set forth and subject to the limitations contained in section 487a-15.0 of the administrative code of the city of New York” (CPL 2.10 [28]). The relevant section of the New York City Administrative Code provides, with limited exceptions not applicable here, that “[i]n the performance of their duties, all officers and members of the uniformed force [of the FDNY] . • . shall have the powers and perform the duties of peace officers, but their power to make arrests and to serve process in criminal actions shall be restricted to cases arising under laws relating to fires and the extinguishment thereof, and to fire perils” (Administrative Code of the City of New York § 15-116 [formerly § 487a-15.0]).
 

 The People now argue, for the first time on appeal, that EMS personnel are part of the uniformed force of the FDNY and, therefore, are peace officers within the meaning of CPL 2.10 (28). We disagree. EMS personnel are not members of the uniformed force of the FDNY (see Regulations for the Uniformed Force of the New York City Fire Department, Organization, § 2.1.1; see also F.D.N.Y. Probationary Firefighters Manual, vol 1, Introduction at 5). Accordingly, Paramedic Cohn was not acting as a peace officer within the meaning of CPL 2.10 (28) at the time that the defendant allegedly assaulted him, and the Supreme Court erred when it instructed the jury that Penal Law § 35.27 applied with respect to the charge of assault in the second degree related to Paramedic Cohn. Since the court’s charge effectively removed from the jury’s consideration the defendant’s justification defense, under the circumstances, the defendant is entitled to a new trial on count one of the indictment charging her with assault in the second degree relating to Paramedic Cohn (see People v Greene, 221 AD2d 559, 560 [1995]; People v Lopez, 200 AD2d 767, 768-769 [1994]; People v Harewood, 63 AD2d 876 [1978]). However, the defendant has already served the sentence imposed for that crime. Therefore, we do not order a new trial on that count, but rather, dismiss that count of the indictment.
 

 The defendant’s further contention that the Supreme Court erred in failing to give a justification charge with respect to the other victims is, as the defendant concedes, unpreserved for appellate review, as the defendant never requested a justification charge with respect to those victims (see People v Harrell, 59 NY2d 620, 621 [1983]; see also People v Lipton, 54 NY2d 340, 351 [1981]). As the defendant correctly concedes, she also failed to preserve her contention that the court should have instructed the jury that, notwithstanding Penal Law § 35.27, “a citizen may use reasonable force in self-defense where the force exerted by the police in effecting an arrest is excessive” (People v Stevenson, 31 NY2d 108, 112 [1972]). In addition, as the defendant correctly concedes, she failed to preserve her other contentions regarding the propriety of the court’s instructions to the jury. Under the circumstances here, we decline to reach these issues in the exercise of our interest of justice jurisdiction.
 

 Finally, we note that the defendant’s contention that the Supreme Court erred in refusing to take judicial notice of the FDNY’s EMS manual is without merit (see CPLR 4511; see also Kissinger v State of New York, 126 AD2d 139, 144 [1987]).
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.