People v Flores (2018 NY Slip Op 06557)





People v Flores


2018 NY Slip Op 06557


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-03379
 (Ind. No. 580-14)

[*1]The People of the State of New York, respondent,
v
Wilfredo Flores, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa A. Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered March 23, 2015, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another grand jury (see People v Beslanovics, 57 NY2d 726, 727); and it is further,
ORDERED that pursuant to CPL 470.45, the matter is remitted to the County Court, Suffolk County, and that court shall cause the defendant to be brought before it forthwith, at which time that court shall issue a securing order in accordance with the provisions of CPL 210.45(9).
The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Simpson, 151 AD3d 762, 762). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Simpson, 151 AD3d at 762; People v Landri, 104 AD3d 791, 791). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nonetheless, we reverse the judgment because the County Court should have granted the defendant's request to submit to the jury the charge of criminally negligent homicide as a lesser included offense of manslaughter in the first degree. The prosecutor's improper use of the defendant's post-arrest silence to impeach the defendant's testimony at trial and the prosecutor's [*2]improper comments during summation are additional bases for reversal.
A request to charge a lesser included offense should be granted if a defendant demonstrates that the greater offense cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense (see People v Rivera, 23 NY3d 112, 120; People v Glover, 57 NY2d 61, 63-64; see also CPL 1.20[37]; 300.50). In determining whether there is a reasonable view of the evidence to support a finding that the defendant committed the lesser, but not the greater, offense, the evidence must be viewed in the light most favorable to defendant (see People v Rivera, 23 NY3d at 120-121; People v Martin, 59 NY2d 704, 705).
Here, criminally negligent homicide, in addition to manslaughter in the second degree, is a lesser included offense of manslaughter in the first degree (see People v Helliger, 96 NY2d 462, 467), and, viewing the evidence in the light most favorable to the defendant, should have been charged. Had the jury credited the defendant's account of the incident, it reasonably could have concluded that the defendant did not intend to cause serious physical injury and that he failed to perceive that his conduct created a substantial and unjustifiable risk that death would occur (see Penal Law §§ 125.10; 125.15[1], 125.20[1]; see also People v Heide, 84 NY2d 943, 944; People v Fernandez, 64 AD3d 307, 308-309). Accordingly, the defendant's request to submit the charge of criminally negligent homicide to the jury as a lesser included offense of manslaughter in the first degree should have been granted, and the trial court's failure to do so requires reversal (see People v Davis, 147 AD3d 971, 972; People v Fernandez, 64 AD3d at 308-309; see also People v Helliger, 96 NY2d at 467).
Absent unusual circumstances, the People may not use evidence of a defendant's pretrial silence to impeach his or her testimony at trial (see People v Pavone, 26 NY3d 629, 638-639; People v Williams, 25 NY3d 185, 191). Here, the defendant correctly contends that the trial court erred in permitting the prosecutor to question him about his post-arrest silence, because, although the defendant initially responded to certain questions asked by the police, he effectively invoked his right to remain silent and offered no information regarding the essential facts of his involvement in the crime (see People v Theodore, 113 AD3d 703, 704; People v Santiago, 119 AD2d 775, 776; People v Torres, 111 AD2d 885, 886).
The defendant's contention that he was denied a fair trial due to the prosecutor's improper comments during summation is, for the most part, unpreserved for our review (see CPL 470.05[2]). However, we reach the issue as a matter of discretion in the interest of justice (see CPL 470.15[6][a]). The prosecutor engaged in misconduct throughout his summation, inter alia, by continuously referring to the defendant as a liar, misstating evidence, denigrating the defense, shifting the burden of proof, attempting to arouse the sympathies of the jurors, and vouching for his witnesses' credibility (see People v Redd, 141 AD3d 546, 548; People v Singh, 128 AD3d 860, 863-864). The cumulative effect of the prosecutor's improper comments deprived the defendant of a fair trial (see People v Riback, 13 NY3d 416, 423; People v Pagan, 2 AD3d 879, 880). Contrary to the People's contention, these errors are not subject to harmless error analysis (see People v Crimmins, 36 NY2d 230, 238).
The defendant's remaining contentions need not be addressed in light of our determination.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court