People v Pierre-Louis (2019 NY Slip Op 02724)





People v Pierre-Louis


2019 NY Slip Op 02724


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2013-05451
 (Ind. No. 5810/11)

[*1]The People of the State of New York, respondent,
v
Nickenson Pierre-Louis, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Slevin, and Sullivan & Cromwell LLP [Natalie A. Lum-Tai], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered May 2, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his guilt of assault in the second degree beyond a reasonable doubt because the People failed to prove the identity of the object that he used to inflict injury upon the complainant is without merit. The particular identity of the dangerous instrument is not an element of assault in the second degree (see Penal Law § 120.05[2]; People v Carrington, 155 AD3d 888, 889). The evidence showed that the defendant cut the victim with a sharp object, causing lacerations to his face and back, which was sufficient to prove the "dangerous instrument" element of assault in the second degree.
The defendant failed to preserve for appellate review his contention that the prosecution failed to disprove his justification defense beyond a reasonable doubt (see People v Edwards, 160 AD3d 658, 658; People v Thomas, 156 AD3d 915, 916; People v Simpson, 151 AD3d 762, 762). In any event, the evidence, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Edwards, 160 AD3d at 658; People v Simpson, 151 AD3d at 762).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's contention that the jury's verdict of guilt with respect to assault in the second degree was inconsistent with its verdict of not guilty on the count charging him with criminal possession of stolen property in the fifth degree is unavailing (see People v Kent, 79 AD3d 52, 64, mod 19 NY3d 290).
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court